UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JEANEEN J. LEMING-WALKER, <br><br> Plaintiff, <br><br> v. <br><br> HARRIS & HARRIS, LTD., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.4:18-cv-00025 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JEANEEN J. LEMING-WALKER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HARRIS & HARRIS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

1

**PARTIES**

4. Plaintiff is a 38 year old natural person residing in Lafayette, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

6. Defendant is a collection agency focused on healthcare, government, and utility debts with its headquarters located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois. Defendant engages in its debt collection activities in all states, including Indiana.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Approximately two years ago, Plaintiff began receiving calls to her landline telephone, (765) XXX-0499, from Defendant.

10. Upon answering Defendant's calls, Plaintiff was informed that Defendant was seeking to collect upon an old medical debt ("subject consumer debt").

11. Plaintiff informed Defendant's representatives that she does not owe on the subject consumer debt, and demanded that it stop contacting her.

12. Defendant's communications to Plaintiff's landline phone persisted, and in 2017, Defendant began contacting Plaintiff on her cellular telephone, (765) XXX-8454.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8454. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has used various phone numbers when placing phone calls to Plaintiff's cellular phone, including but not limited to: (312) 893-4804.

15. Upon information and belief, the aforementioned phone number ending in 4804 is regularly utilized by Defendant during its debt collection activity.

16. Upon answering phone calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

17. When Plaintiff does not answer Defendant's phone calls, Defendant leaves an automated voice message on Plaintiff's phone, notifying Plaintiff to return its call.

18. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject consumer debt.

19. Plaintiff was confused as to how Defendant obtained her cellular phone number, considering the fact that she had only provided her landline phone number to the original creditor.[1]

20. As a result, Plaintiff reiterated her demands that Defendant cease contacting her.

21. Despite Plaintiff's efforts, Defendant has continued to place incessant calls to Plaintiff's cellular and landline phones up through 2018.

22. Defendant has also placed multiple phone calls to Plaintiff's cellular phone on the same day, even after being told to stop calling.

23. Plaintiff has received not less than 55 phone calls from Defendant since asking it to stop calling.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

---

[1] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports and/or other public record searches.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant holds itself out as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1973.[2]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

---

[2] https://www.acainternational.org/search

4

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 55 times, despite lacking consent to contact Plaintiff's cellular phone. Still, Plaintiff demanded that Defendant stop contacting her and despite this information, Defendant continued its harassing contacts. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to her.

    **b. Violations of FDCPA §1692e**

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant cease its contacts, Defendant continued to repeatedly contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant proceeded to contact Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an

5

automated system when not only did not have consent to do so in the first place, but it was also subsequently told to stop calling.

### c. Violations of FDCPA §1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 55 times without prior consent.  Upon information and belief, Defendant obtained Plaintiff's cellular phone number through "skip-tracing," and thus never had any prior consent to place phone calls to her cellular phone.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

40. As pled in paragraphs 23 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JEANEEN J. LEMING-WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

43. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. In addition, the automated voice messages that Defendant leaves on Plaintiff's phone when she does not answer its calls further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

44. Defendant violated the TCPA by placing at least 55 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff never supplied the original creditor nor Defendant with her cellular phone number. As such, Defendant did not have consent to contact Plaintiff's cellular phone. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

45. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

46. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant willfully violated the TCPA. Armed with the knowledge that Plaintiff did not consent to receive calls, Defendant continued its incessant and relentless campaign of collection calls.

WHEREFORE, Plaintiff, JEANEEN J. LEMING-WALKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2018                                         Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Northern District of Indiana                  Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com